GARY M. RESTAINO
United States Attorney

ADDISON SANTOME
Arizona State Bar No. 031263
Assistant United States Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone:  602-514-7500
Email: addison.santome@usdoj.gov
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>          vs.<br><br>Luis Daniel Rochin Evangelista,<br><br>                    Defendant. | No. CR 21-00706-001-PHX-SMB<br><br>**GOVERNMENT'S SENTENCING MEMORANDUM** |

When balancing the 18 U.S.C. § 3553(a) factors, the United States finds that a sentence of two years' probation is sufficient, but not greater than necessary, to achieve the purposes of sentencing in this case.

**I.    FACTS**

Defendant was charged by indictment in Counts 1 and 2, False Statement During the Purchase of a Firearm, in violation of 18 U.S.C. § 924(a)(1)(A).

On December 16, 2022, Defendant pleaded guilty to Count 1.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and Defendant stipulated that Defendant's sentence shall not exceed the low end of the applicable sentencing range.  Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States shall dismiss Count 2 against Defendant at the time of sentencing.  Defendant admitted to the following factual basis in the plea agreement:

On or about April 9, 2019, Defendant LUIS ROCHIN EVANGELISTA entered Sprague's Sports LLC, a Federal Firearms Licensee (FFL), in Yuma, Arizona.    Defendant LUIS ROCHIN EVANGELISTA selected a firearm to purchase and completed the Firearms Transaction Record, known as ATF Form 4473.    Under the provisions of Chapter 44 of Title 18, United States Code, ATF Form 4473 contains information required to be kept by FFLs.

Questions 21(a) on the form states, "Are you the actual transferee/buyer of the firearm(s) listed on the form? Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person". In response to Question 21(a), Defendant LUIS ROCHIN EVANGELISTA selected "Yes" he was the actual purchaser/buyer.    Defendant LUIS ROCHIN EVANGELISTA knew he was purchasing the firearm on behalf of another individual.    After Defendant LUIS ROCHIN EVANGELISTA submitted the form to Sprague's Sports LLC, he purchased and left with the firearm.

## II.  United States Sentencing Recommendation

The Presentence Report (PSR) calculates the advisory Guideline range of 6-12 months, based upon a Total Offense Level of 10 and Defendant's Criminal History Category I.  (PSR, page 12.)  Probation is recommending a two-year probation sentence. The United States agrees with the PSR's calculation and proposed sentence.

Consistent with the 11(c)(1)(C) agreement in the plea agreement, the government believes a term of incarceration is not appropriate.  In short, Defendant's current health condition, low risk to re-offend, and willingness to accept responsibility in this case supports a probation sentence.

The Sentencing Guidelines are "the starting point and the initial benchmark" for sentencing.  *Gall v. United States*, 552 U.S. 38, 49 (2007).  After considering the advisory range, the "district court should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties." *United States v. Carty,* 520 F.3d 984, 991 (9th Cir. 2008) (en banc).  Pursuant to 18 U.S.C. § 3553(a) factors, the Court shall impose a sentence

sufficient, but not greater than necessary, to comply with the following purposes:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

When considering the § 3553(a) factors, the United States submits a two-year probation term is sufficient, but not greater than necessary, to achieve the principles of sentencing.

The nature and circumstances of these offenses—Straw Purchasing firearms—are serious. 18 U.S.C. § 3553(a)(1). Straw purchasing fuels violent crime. Firearm violence is an epidemic in the United States, and Defendant played a crucial role in that chain of violence. However, the government does recognize this offense involved a low number of firearms.

The history and characteristics of Defendant suggest he can be rehabilitated. U.S.C. § 3553(a)(1). At 23 years old, Defendant has no prior criminal history. Since the time of this violation, Defendant has not committed any new offenses and has been compliant on pretrial release. Defendant also suffered a spinal cord injury that has left him a paraplegic. This condition counsels in favor of a non-custodial sentence.

The nature of Defendant's conduct counsels in favor of a sentence that will hopefully serve as an adequate deterrent against further criminal conduct by Defendant. 18 U.S.C. § 3553(a)(2)(B). Defendant has no prior criminal history and has never received a custodial sentence. Two years of probation after sustaining a felony conviction is a sufficient punishment.

Defendant does not appear to need substance abuse or mental health treatment. U.S.C. § 3553(a)(2)(D). Defendant does not appear to suffer from any mental health or

substance abuse issues. He has performed well during his extended time on pretrial release.

The United States recommends a two-year probation sentenced due to Defendant's lack of criminal history, compliance while on pretrial release, and low risk to re-offend.

### III.    CONLCUSION

A two-year probation sentence acknowledges the seriousness of this offense, provides meaningful deterrence, and accounts for Defendant's current medical condition. Given this term satisfies the goals set forth in § 3553(a)(2), the United States requests that the Court accept the plea agreement, and sentence Defendant consistent with the plea agreement and this memorandum.

Respectfully submitted this 26th day of October, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

s/Addison Santome
ADDISON SANTOME
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2023, I either provided copies in person in court or electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to various defense counsel to be appointed.:

Juan Rocha
*Attorney for Defendant*

s/Addison Santome
United States Attorney's Office